# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DANIEL W. TAYLOR,                    )
                                     )
    Plaintiff,   )
                                     )
v.                                   )
                                     )      CV416-318
RODNEY JACKSON, *et al.*,             )
                                     )
    Defendants.  )

## ORDER

Defendants in this prisoner civil rights action move for judgment on the pleadings and to stay discovery. Docs. 10 & 11 at 2 (arguing, *inter alia*, that plaintiff failed to exhaust his administrative remedies). Pending the outcome of their motion for judgment on the pleadings, defendants have asked that discovery be stayed under Fed. R. Civ. P. 16 & 26. Doc. 11 at 2-3 (arguing that defendants' immunity defenses, "which go in part to subject matter jurisdiction . . . would be effectively lost if defendants are required to engage in any discovery related activities before their entitlement to immunity is resolved."). Plaintiff opposes. Doc. 13.

Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a). Exhaustion is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA").[1] Because defendants have moved for judgment on the pleadings and put forward proof showing that plaintiff failed to exhaust and defendants did not inhibit his efforts to do so, their motion is likely to granted.[2] *See Turner v. Burnside*, 542 F.3d 1077, 1082 (11th Cir. 2008); *Harris*, 190 F.3d at 1285-86. The myriad

---

[1] Not only does the PLRA require exhaustion, it "requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which means an inmate must "us[e] all steps" in the administrative process, and comply with any administrative "deadlines and other critical procedural rules," before filing a complaint about prison conditions in federal court. *Id*. at 89-91 (citation omitted); *see also Lambert v. United States*, 198 Fed. Appx. 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by" prison officials). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

[2] "When a party seeks a stay pending resolution of a [dispositive motion], a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." *Sams v. GA West Gate, LLC*, 2016 WL 3339764 at * 6 (S.D. Ga. June 10, 2016) (quotes and cites omitted).

additional arguments for dismissal (*see* doc. 10 (providing 15 arguments in support of dismissing all of plaintiff's claims) further bolster the prudence of staying discovery now. A stay of discovery pending resolution of the motion to dismiss is therefore warranted. *See* Fed. R. Civ. P. 26(c).

The Court therefore **GRANTS** defendants' motion to stay pending disposition of their motion for judgment on the pleadings. Doc. 11.

**SO ORDERED**, this ___6th___ day of January, 2017.

_____

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA