# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DANIEL W. TAYLOR, )
)
    Plaintiff, )
)
v. ) CV416-318
)
RODNEY JACKSON, *et al.*, )
)
    Defendants. )

## **REPORT AND RECOMMENDATION**

Defendants move for judgment on the pleadings and dismissal of plaintiff Daniel Taylor's 42 U.S.C. § 1983 Complaint. Doc. 10. Taylor opposes. Doc. 13.

## A. BACKGROUND

Plaintiff is incarcerated at Coastal State Prison. Doc. 1-1. On August 22, 2016, he and defendant Shanae Curtis were involved in a heated confrontation, after which he was punished by segregation from the main prisoner population. *Id.* at 6-8. Officials first confined him in a "black molded shower" for eight hours without his being able to use the restroom, then they placed in a cell with a rusted steel bunk and leaking water on the floor. For good measure, they confiscated his property. *Id.* at 8-9. While in segregation, he was unable to litigate any

of his pending cases or access a law library. *Id.* And since leaving segregation, he is "now sick and being denied medical and mental health treatment." *Id.* at 9.

The disciplinary report explains that he was placed in segregation for cursing at Curtis during the confrontation. Taylor insists the disciplinary report is false and was fabricated specifically to deprive him of the ability to file legal documents in his other lawsuits and obtain parole. *Id.* at 8-9. Plaintiff asserts federal claims for conspiracy and violation of the First and Eighth Amendments, as well as several state law tort claims. *Id.* at 11-13; *see also* doc. 13 at 15-21 (an apparent "Amended Complaint" snuck into his objection as an exhibit, rather than separately filed as such, expanding his denial of medical care and medical negligence claims, and alleging for the first time a failure to train claim).

## B. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is appropriate only "where there are no material facts

2

in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1300 (11th Cir. 2001). A fact is "material" if "it might affect the outcome of the suit under the governing [substantive] law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "In other words, a judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in all the pleadings." *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1957).

The legal standards governing Rule 12(c) motions are the same as those governing Rule 12(b)(6) motions to dismiss. *Roma Outdoor Creations, Inc. v. City of Cumming, Ga.*, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008) ("A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss."). Therefore, plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010). To be "plausible on its face," the complaint must have enough "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic. v. Twombly*, 550 U.S. 5444, 570 (2007)). In applying this standard, factual allegations are accepted as true, but legal conclusions are not. *Id.*

C. DISCUSSION

1. Jurisdiction

Plaintiff contends that jurisdiction properly lies with Chatham County Superior Court, and that this case was improperly removed by defendants. *See* docs. 7 & 13. A defendant may remove to federal court any civil action brought in state court if the federal court has original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. 1331. A plaintiff, as "master of the claim," "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987). When, however, a plaintiff presents one or more claims that arise under federal law, he subjects himself to the possibility that the defendant will remove the case to federal court. *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164 (1997). This is just such a case: Taylor asserts both federal claims and state law tort claims. Doc. 1-1 at

11-13.  His state tort claims do not obviate his federal claims -- the propriety of removal is determined *only* by the question of whether he raises one (or more) claims under federal law.  *City of Chicago*, 522 U.S. at 164.  Defendants' removal of the case to federal court was, therefore, proper under 28 U.S.C. § 1331.

### 2. Exhaustion

Defendants argue that dismissal is appropriate because plaintiff has failed to exhaust his administrative remedies, as well as on the merits.  Because Taylor has not exhausted either his Prison Litigation Reform Act (PLRA) or Georgia Tort Claims Act (GTCA) administrative remedies, dismissal is appropriate.

#### a. Federal Claims

Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies *before* filing an action that challenges the conditions of his confinement.  *See* 42 U.S.C. § 1997e(a). Exhaustion is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999), *aff'd in part and vacated and remanded on other grounds by Harris v. Garner*, 216

F.3d 970 (2000) (en banc); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA"). When a defendant moves to dismiss and puts forward proof showing that plaintiff failed to exhaust and defendant did not inhibit his efforts to do so, the PLRA requires the Court to dismiss the unexhausted claims.[1] *See Turner v. Burnside*, 541 F.3d 1077, 108-83 (11th Cir. 2008) (describing the two-prong "facial" and "factual" evaluation of exhaustion as a "matter in abatement," as it is a precondition to suit, not an adjudication on the merits); *Harris*, 190 F.3d at 1285-86. Simply put, if an administrative remedy is "available," it *must* be exhausted. 42 U.S.C. § 1997e(a).

The Georgia Department of Correction maintains an administrative grievance procedure that is available to all inmates, including plaintiff. Doc. 10-1 at ¶ 6 (Affidavit of Cynthia Rivers,

---

[1] Not only does the PLRA require exhaustion, it "requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which means an inmate must "us[e] all steps" in the administrative process, and comply with any administrative "deadlines and other critical procedural rules," before filing a complaint about prison conditions in federal court. *Id*. at 89-91 (citation omitted); *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing a grievance "under the terms of and according to the time set by" prison officials). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

6

Grievance Coordinator at Coastal State Prison); *id.* at Attach. 2. Every inmate receives an oral explanation of this process and written instructions. *Id.* at ¶ 7. Under the grievance procedure, an inmate must file his formal grievance within ten calendar days of the day he knew, or should have known, of the facts giving rise to his grievance. *Id.* at ¶ 11. The Warden investigates the complaint, and issues a written statement summarizing his grant or denial of the complaint. *Id.* at ¶¶ 15-16. If the inmate receives a denial, he has seven calendar days to file his appeal from the Warden's decision. *Id.* at ¶ 19. An appealed decision is reviewed at the Central Office, and a written appeal decision sent to the inmate. *Id.* at ¶¶ 20-21. Only when the inmate receives his written appeal decision is the grievance procedure complete. *Id.* Because an administrative grievance procedure was in place and available for Taylor's use, he was required to file a grievance and fully exhaust all of his available administrative remedies *prior* to filing his Complaint. *See Johnson*, 418 F.3d at 1156.

On August 23, 2016, plaintiff filed Grievance No. 228107, complaining that he was unable to mail his legal pleadings or access a law library. Doc. 10-1 at 42. On September 22, 2016, plaintiff filed

7

Grievance No. 229378, claiming that he was being "continually harassed, verbally abused, threaten[ed] and mistreated by Warden Morales and the staff here at Coastal State Prison." *Id.* at 44. On September 23, 2016, Taylor filed the instant case in Chatham County Superior Court. *See* doc. 1 at 2; doc. 1-1. Grievance 228107 was denied on October 7, 2016, and has not been appealed. Doc. 10-1 at ¶ 26. Grievance 229378 was denied on November 14, 2016, and Taylor appealed that denial on December 13, 2016. *Id.* at ¶ 27. Because plaintiff failed to fully exhaust either Grievance 228107 or 229378, all the way through the completion of the appeal process, *before* filing his Complaint, his federal claims are procedurally defaulted and must be **DISMISSED** without prejudice.[2] 42 U.S.C. § 1997e(a); *McDaniel v.*

---

[2] This also includes any additional claim for failure to train or his expanded denial of medical care and medical malpractice claims as set forth in his apparent First Amended Complaint (*see* doc. 13 at 15-21). A prisoner may not file first, then exhaust later. *See Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012) ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation."); *Jackson v. District of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001) (the requirement to exhaust prior to filing suit is not obviated simply by filing an amended complaint once prisoners' administrative remedies were exhausted). This would defeat the very purpose of the PLRA exhaustion requirement: relieving courts of the burden of lawsuits filed before prison officials have had an opportunity to resolve prisoner grievances on their own. *See Alexander v. Hawk*, 159 F.3d 1321, 1326 n. 11 (11th Cir. 1998).

Here, plaintiff's Amended Complaint expands on his prior medical care claims and asserts a new failure to train claim arising from the same core incident as his original

*Crosby,* 194 F. App'x 610, 613 (11th Cir. 2006) (even assuming the prisoner's claims had merit, "they could not be brought in federal court until he had sought relief through established prison procedures" because "satisfaction of the exhaustion requirement [i]s a precondition to the filing of his suit, and, thus, must have occurred *before* the suit was filed.").[3]

### b. State Tort Claims

Assuming, *arguendo*, that defendants are *not* immune to suit,[4] the

---

Complaint. *Compare* doc. 1-1 *with* doc. 13 at 15-21. For these new items he again fails to allege that he properly exhausted his administrative remedies by filing a grievance pursuant to the PLRA *or* by providing notice to the State.

[3] Though plaintiff contends that the grievance procedure was unavailable to him due to defendants' "malfeasance" (doc. 1-1 at 4), *see, e.g. Goebert v. Lee County*, 510 F.3d 1312, 1322-23 (11th Cir.2007), his regular use of Coastal State Prison's established grievance procedure belies any such claim. Taylor has filed at least six grievances during the five months that he has been house at Coastal State Prison, including the two he filed days before filing his Complaint. Doc. 10-1, Attach. 1. This monthly employment of the grievance procedure more than adequately demonstrates his familiarity with the process and his ability to use it when he wants.

[4] The Court agrees with defendants that on Taylor's state law claims they are immune from suit. The GTCA waives immunity in only a limited number of cases, including those for injuries caused by state officers and employees acting within the scope of their official duties. *See* O.C.G.A. § 50-21-23. But it also explicitly reserves sovereign immunity for suits brought in federal court. *Id.* at subs. (b) ("The state does not waive any immunity with respect to actions brought in the courts of the United States."). The state has *not* waived its immunity for claims brought in federal court, and a suit against a state official in his or her official capacity is no different than a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 89 (1989). So, Taylor's state law claims against defendants in their official capacities are barred.

9

GTCA also requires exhaustion of a claim prior to bringing suit against the State for money damages. O.C.G.A. §§ 50-21-22 *et seq.* O.C.G.A. § 50-21-26 provides, in relevant part:

> No person, firm, or corporation having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim as follows: (1) Notice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered . . . ; and (2) Notice of a claim shall be given in writing and shall be mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim.
>
> [ . . . Further,] [n]o action against the state under this article shall be commended and courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state[.]

O.C.G.A. § 50-21-26.

Here, plaintiff has not alleged any facts indicating he attempted to

---

Nor can (again, for his state law claims) Taylor sue defendants in their individual capacities -- because they are state actors who were acting within the scope of their employment, and are thus entitled to official/employee immunity under the GTCA. O.G.C.A. § 50-21-25(b). *See Howard v. Miller*, 222 Ga. App. 868 (1996) ("We have no equivalent to 42 U.S.C. § 1983, which gives a claim against a state officer individually for certain unconstitutional acts."). The GTCA is the "exclusive remedy for any tort committed by a state officer or employee." O.C.G.A. § 50-21-25(a). And it provides that any suit arising from injuries caused by a state employee in the performance of his or her duties must name the state entity, not the individual, as the defendant. *Id.* Claims against defendants in their individual capacities must therefore also fail.

provide notice to the State of his complaints -- much less that he fully complied with O.C.G.A. § 50-21-26 *prior* to filing suit. *See* doc. 1-1; *see also* doc. 13 at 15-21 ("Amended Complaint"). Because plaintiff has not followed the proper procedures for bringing suit against the State, his tort claims against defendants are barred and must be **DISMISSED**. O.C.G.A. § 50-21-26.

C.  CONCLUSION

Because Daniel Taylor has failed to exhaust his administrative remedies, his complaint should be **DISMISSED** without prejudice.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve use a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __20th__ day of January, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA